IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02123-MSK-MEH

UNUM LIFE INSURANCE COMPANY OF AMERICA,

    Plaintiff,

v.

LARRY REPPHUN,
TERESA REPPHUN, and
CHRISTOPHER BRADY REPPHUN,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is a Motion for Dispersment (sic) [filed May 25, 2012; docket #34] filed by Defendant Larry Repphun. The matter has been referred to this Court for recommendation. (Docket #35.) In his Motion, Larry Repphun asks the Court to distribute "the amount awarded to us three defendants" "[a]s per the order of Judge Marcia S. Krieger dated Feb[.] 14, 2012[.]" (Docket #34 at 1.) Upon review of Judge Krieger's February 14, 2012 Order [docket #31] and the entire record of this action, the Court RECOMMENDS the District Court **grant** Larry Repphun's Motion and order the Clerk of the Court to disburse $5,000.00 in attorneys fees and costs to Plaintiff and the remaining $5,219.58 to Larry Repphun.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file

Plaintiff initiated this interpleader action on August 15, 2011, in an attempt to determine the proper recipient for life insurance benefits payable upon the death of Walter Repphun. (Docket #1.) As Defendants, Plaintiff named Walter Repphun's children, Larry Repphun, Teresa Repphun, and Christopher Repphun. (*Id.* at 1.)

On December 12, 2011, Plaintiff filed a motion to deposit the life insurance proceeds into the Court's Registry and to be discharged from the case with prejudice. (Docket #24.) Judge Krieger granted Plaintiff's motion and ordered Plaintiff to deposit the proceeds of $10,151.02, plus interest, with the Clerk of the Court. (Docket #31.) In addition, Judge Krieger found that Plaintiff was entitled to costs and attorneys fees in the amount of $5,000.00, to be deducted from the interpleaded funds. (*Id.* at 2.)

In accordance with Judge Krieger's Order, Plaintiff deposited $10,219.58 with the Court on March 7, 2012. (Docket #33.) Subtracting Plaintiff's $5,000 in fees and costs, the Court calculates that $5,219.58 remains for distribution.

Over the course of this litigation, the Court has heard from each Defendant either in writing or in person regarding the appropriate distribution of the funds. Defendant Teresa Repphun filed a letter with the Court stating that she "lay[s] no claim to [her] father's estate" and that "[she] has no contest to [her] brother's (Larry Repphun) designation as primary beneficiary on the UNUM policy." (Docket #18, 4.) Defendant Christopher Repphun also disclaimed any interest in the life insurance proceeds, indicating that Defendant Larry Repphun is the proper beneficiary. (Docket #26.) The Court confirmed Christopher Repphun's position at a Status Conference held in this case on January 24, 2012. (Docket #30.) Both Christopher and Larry Repphun appeared telephonically

---

written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

and expressed their opinion that the money should be given to Larry. Teresa Repphun did not appear at the Status Conference, so the Court was unable to verify her position on the record.[2]

Based on the Defendants' statements to the Court, the Court determines that Larry Repphun is the proper recipient of the life insurance benefits at issue in this case. Therefore, the Court RECOMMENDS the District Court **grant** Defendant Larry Repphun's Motion for Dispersment (sic) [filed May 25, 2012; docket #34] and direct the Clerk of the Court to distribute $5,000.00 to Plaintiff and the remaining $5,219.58 to Defendant Larry Repphun.

Dated at Denver, Colorado, this 11th day of June, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2] The Court has issued numerous orders directing Ms. Repphun to appear for various proceedings; however, Ms. Repphun has not done so. (*See* dockets ##13, 16, and 27.)

3